UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
at CLEVELAND

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| **VENKATRAMAN ARAKONI,**<br>Individually and on behalf of all other<br>Ohio residents similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MEMBERSELECT INSURANCE<br>COMPANY**<br><br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:20-cv-000092 |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT,
APPROVING FEES AND EXPENSES, AND DIRECTING ENTRY OF
FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Venkatraman Arakoni ("Plaintiff") moved the Court for final approval of the proposed Class Action Settlement Agreement ("Settlement Agreement"), and Defendant MemberSelect Insurance Company ("Defendant") does not object to final approval of the Settlement Agreement. Additionally, Class Counsel has petitioned for an award of fees and expenses.

On October 21, 2020, this Court entered the Preliminary Approval Order in the Action, preliminarily approving the terms of the class action settlement as set forth in the Settlement Agreement. On March 3, 2021, this Court conducted a Fairness

Hearing to: (a) determine whether this Action should be finally certified as a class action for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) determine whether the proposed settlement and the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate and should be finally approved by the Court; (c) determine whether final judgment should be entered in the action pursuant to the Settlement Agreement; (d) entertain any objections of the members of the Settlement Class as to the certification of the Settlement Class, the proposed settlement, or any other matter related thereto; (e) consider Class Counsel's petition for an award of attorneys' fees and reimbursement of expenses; and (f) rule on any other matter pertaining to the proposed settlement.

The Court finds that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2). The Court determines that the notices provided to the Settlement Class fully complied with all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the notice provisions approved by this Court in the Preliminary Approval Order, and are sufficient to confer upon this Court personal jurisdiction over the Settlement Class. Members of the Settlement Class were notified of the hearing to address the fairness of the proposed settlement to the Settlement Class and were given an opportunity to appear and to voice objections to the class certification for settlement purposes and/or the settlement. The Court also received and considered arguments and evidence from the attorneys for the respective parties in connection with the proposed compromise and settlement of the Action and the award of Class Counsel's attorneys' fees and expenses and Class Representative's incentive awards, and gave all persons requesting to be heard an opportunity to be heard in accordance with the procedure set forth in the Preliminary Approval Order. Based on the oral and written argument and evidence presented in connection with the motions, the Court makes the following findings of fact:

A.     The Settlement Class preliminarily certified by order of this Court for settlement purposes only is appropriate for certification in the context of the Settlement Agreement and is hereby finally certified under Rule 23 of the Federal Rules of Civil Procedure. The Court makes no findings regarding whether the Settlement Class would be appropriate for class certification in the absence of the proposed settlement.

1.     The Settlement Class is so numerous that joinder of all members is impracticable.

2.     There are questions of law and fact common to the Settlement Class. The Settlement Class asserts claims against Defendant MemberSelect Insurance Company in connection with the depreciation of labor in calculating Actual Cash Value ("ACV") payments for structural damage insurance claims on policies issued by Defendant.

3.     The claim of the Class Representative is typical of the claims of the Settlement Class. The Class Representative, like all members of the Settlement Class, alleges monetary damages from Defendant's practice of depreciating labor when calculating ACV payments.

4.     The Class Representative has fairly and adequately represented and protected the interests of the Settlement Class. The Class Representative asserts typical claims and has common interests with the unnamed members of the Settlement Class in seeking redress for alleged monetary damages arising from Defendant's practice of depreciating labor when calculating ACV payments. In addition, the Class Representative has vigorously prosecuted the interests of the Settlement Class through well-qualified counsel experienced in similar class action litigation, including during negotiations of the Settlement Agreement and its presentation to the Court.

3

5.      Having taken into consideration the matters listed in Rule 23, the Court finds that in the context of the proposed class settlement, common issues related to alleged damages incurred from Defendant's practice of depreciating labor when calculating ACV predominate over questions affecting individual members of the Settlement Class. Accordingly, in the context of the Settlement Agreement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members. Furthermore, in the context of the settlement, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

B.      The consideration to be given to members of the Settlement Class under the terms of the Settlement Agreement is reasonable considering the strengths and weaknesses of the claims of the Settlement Class.

C.      The Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Settlement Class.

D.      The Settlement Class has, at all times, including during the negotiation of the Settlement Agreement and its presentation to the Court, been represented by competent counsel. Class Counsel has recommended to the Court that the Settlement Agreement be approved. Class Counsel has exercised skill and experience in representing the Settlement Class, and their work has resulted in a substantial benefit to the Settlement Class. The Settlement Agreement provides for the payment of up to $50,000.00 to Class Counsel for attorneys' fees, plus costs reasonably incurred in prosecution of this action, and Class Counsel has applied for an award of fees of $50,000.00 and reasonably incurred costs in the amount of $5,000.00. The Court has considered Class Counsel's motion for attorneys' fees and costs and hereby enters supplemental findings of fact and conclusions of law pertaining to Class Counsel's motion. Class Counsel's fees and

expenses shall be paid exclusively from the Settlement Fund pursuant to the Settlement Agreement.

E.      Notice of the Settlement Agreement has been mailed and published in accordance with this Court's Preliminary Order Approving Class Action Settlement and the notice plan contained therein. The notice given in the manner specified in that Order provided the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class. The Court finds that the notice that has been given is consistent with and satisfies the due process rights of the entire Settlement Class.

F.      No persons timely filed objections or requests to be excluded from the Settlement Class in accordance with the procedures set out in the Settlement Agreement.

G.      The Court finds that the Settlement Agreement was the result of arm's length negotiation, was entered into in good faith by the Parties, and was not the product of fraud or collusion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      The capitalized terms used in this Final Approval Order have the same meaning as those defined in the Settlement Agreement, unless otherwise stated.

2.      The Court reaffirms its prior certification of the Settlement Class in its Preliminary Approval Order, and this action is hereby finally certified as a class action for settlement purposes only on behalf of a class consisting of:

> All persons: (a) who, on or before April 17, 2020, made a structural damage claim for property located in Ohio with Defendant pursuant to Coverage A and/or Coverage B of their MemberSelect insurance policy with a Date of Loss on or after January 15, 2019; and (b) who received an Actual Cash Value ("ACV") payment(s) from Defendant for that claim that was calculated by estimating the

Replacement Cost Value ("RCV") of the claim and deducting non-material depreciation, or who would have received an ACV payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible.

3.  Excluded from the Settlement Class are: (1) all persons and entities that received payment from Defendant in the full amount of the limits of insurance applicable to the claim; (2) Defendant and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

4.  Venkatraman Arakoni is appointed Class Representative of the class finally certified herein.

5.  After considering the factors governing the propriety of judicial approval of the proposed class settlement under Rule 23 and other applicable law, the Settlement Agreement, the terms of which are incorporated herein by reference, is hereby approved as fair, adequate, and reasonable and in the best interests of the Settlement Class. Plaintiff and Defendant have agreed to the language in this Final Order.

6.  The payment to Class Counsel of $50,000.00 for attorneys' fees and $5,000.00 for reasonably incurred costs pursuant to the terms of the Settlement Agreement is hereby approved. The payment to the Class Representative of $5,000 for an incentive award pursuant to the terms of the Settlement Agreement is hereby approved. The Court finds that the amounts set forth in this paragraph are reasonable and appropriate under the circumstances of this case.  Such payments shall be made as specified in the Settlement Agreement.

7.  Any dispute concerning the aggregate amount or allocation of Class Counsel's fee and expense award shall be subject to the exclusive jurisdiction of this Court and shall be a separate and severable matter from all other matters in this final judgment and the finality and fairness of the Settlement Agreement with the Settlement Class. Any appeal of the

Class Counsel attorney's fees and expense award shall be severed from this final judgment and shall not affect the finality of this judgment as to the Settlement Agreement and release of the Settlement Class's claims against the Released Parties.

8. The attorneys' fees, costs, and expenses payment described herein is the total amount that will be paid by Defendant for any and all attorneys' fees, costs, and expenses to Class Counsel and any other counsel for Class Members in connection with the Lawsuit and settlement of the Released Claims, regardless of whether any member of the Settlement Class retained separate or additional counsel or incurred separate or additional attorneys' fees, costs, or expenses. Moreover, Defendant shall have no liability for any costs or expenses associated with implementation of the Settlement Agreement, including any fees or costs incurred by the Claims Administrator or Class Counsel, other than as specified in the Settlement Agreement.

9. Final judgment is hereby entered dismissing with prejudice the claims of Plaintiff and the members of the Settlement Class against Defendant.

10. All members of the Settlement Class certified in this Order are bound by the Release contained in the Settlement Agreement, and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claim against any of the Released Entities as defined in the Settlement Agreement. The Court hereby finds that the notice that has been given is consistent with and satisfies the due process rights of the entire Settlement Class.

11. The Court hereby dismisses the claims of Plaintiff and the members of the Settlement Class against Defendant with prejudice and without costs, other than what has been specifically provided for in the Settlement Agreement.

12. Without affecting the finality of this judgment in any way, the Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the

Settlement Agreement. During the term of the Settlement Agreement, the Class Representative or Defendant may apply to the Court for any relief necessary to construe or effectuate the Settlement Agreement. Defendant and Class Counsel may also jointly agree by written amendment to modify the provisions of the Settlement Agreement as they deem necessary to effectuate its intent; provided, however, that they may make no agreement that reduces or impairs any benefits to any member of the Settlement Class without approval by the Court.

13.      Plaintiff, Defendant, and the Claims Administrator are directed to provide the benefits of the Settlement Agreement to the Settlement Class as provided for in the Settlement Agreement, and in accordance with the notice plan published and mailed to the Settlement Class.

14.      The Settlement Fund shall be a Qualified Settlement Fund as described in Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1 established by order of this Court, and shall remain subject to the jurisdiction of this Court.

15.      If for any reason the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, then this judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and in such event, all orders and judgments entered in connection herewith shall be null, void and vacated to the extent provided by and in accordance with the Settlement Agreement.

16.      The Court has considered the due process rights of absent class members and finds that such rights have been and are adequately protected herein.

17.      This Order is a final judgment, and is in all respects a final and appealable order, there being no just case for delay.

18.      Except as expressly stated otherwise in this Final Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.

SO ORDERED this **3RD** day of MARCH , 2021 .

**HON. DONALD C. NUGENT**
UNITED STATES DISTRICT COURT JUDGE

Tendered By:

s/ Christopher E. Schaefer *(with permission)*
P. Douglas Barr
Christopher E. Schaefer
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202
Tel:    (502) 333-6000
Fax:    (502) 333-6099
E-mail: douglas.barr@skofirm.com
E-mail: christopher.schaefer@skofirm.com

*Counsel for Defendant MemberSelect Insurance Company*


*s/Stephen G. Whetstone*
STEPHEN G. WHETSTONE (0088666)
Email: steve@whetstonelegal.com
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
Telephone: 740.974.7730
Facsimile:  614.829.3070

And

ERIK D. PETERSON (KY Bar 93003)*
Mehr, Fairbanks & Peterson Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
Email: edp@austinmehr.com


*Co-Counsel for Plaintiff and the Proposed Class*